## G. & R. MORTGAGE & INVESTMENT CO v LEVINE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9840. Decided May 27, 1929

Suggs Garber, Cleveland, for Mtge. Co.
Harry F. Glick, Cleveland, for Levine.

SULLIVAN, J.

We are inclined to support, after an examination of the two cases, the contention of defendant below.

It will be seen from a reading of the order and acceptance in the case at bar that the acceptance is conditional and of course without the acceptance the instrument is worthless as a binding obligation and for the same reason it is just as lifeless in its legal character if the conditions attached to the acceptance are of such a nature that the acceptance is inoperative excepting upon the fulfillment of the impositions and burdens of the conditions attached thereto. This order and acceptance reads as follows:

"July 6, 1927. Mr. Harry Robbins, c|o G. & R. Realty Co. Cleveland, Ohio. Please pay to the order of Charles Levine the sum of $1500.00 for **finishing plumbing work** in the single houses on sublots Nos. 144-145-146-151-153-154-193-194 on Winston Road. The Max Saltsman Rlty & Constr. Co. By Max Saltsman, President, July 6th, 1927.

**We hereby accept the above order and will pay the money to Charles Levine, according to the schedule of inspection and the order of The Max Saltsman Realty Co.** The G. & R. Mortgage & Invest Co. By H. Robbins, Vice President."

It will be observed that the order is addressed to The G. & R. Realty Company as of June 6, 1927, that the amount is $1500.00 and the character of the work is designated by the following language.

"For finishing plumbing work in the single houses on sublots ***" and these sublots, eight in number, are designated. This is signed by Max Saltsman, President, on the same date, and appearing at the head of the order. It is clear from a reading of this order that the order was independent and absolute and had no connection with the fact that the defendant below was an investment company and that the drawer of the order was the owner and mortgagor that raised

the money which was to be distributed in the construction of the houses as will be seen by a perusal of the acceptance, according to the schedule of the inspection, and the order of The Max Saltsman Realty Co., and therefore the contention of plaintiff below that the order and acceptance were of such a character that they bore no relation to the scheme of building and the construction loans thereon, fails by reason of the import of the language of the order and acceptance, and the record itself which shows that the defendant in error was a plumber and that he was to receive the money due him for work and material upon the single houses from The Max Saltsman Realty & Construction Company, mortgagor, and owner, through The G. & R. Mortgage & Investment Co., upon the order of the Construction Co.

At the time that the acceptance was executed it was anchored irrevocably to those provisions upon which the acceptance was based, namely, that there would be payment only according to the schedule of inspection and in addition to that and without which the acceptance was of no effect, that the order of The Max Saltsman Realty Co., was in the nature of a condition precedent to the payment of the money upon the acceptance. Therefore, in order to recover it would have to be shown by a preponderance of the evidence not only that the order was given but that the conditions upon which the order was accepted and payment promised, were fulfilled, or at least that there was a substantial compliance with the terms. It is our judgment that the record fails to disclose this character of proof and therefore it is insufficient as a foundation for recovery on the part of the plaintiff below against defendant below in this action, based solely and only upon the conditional order and acceptance.

Upon the question of the invalidity of the order and acceptance upon the non-fulfillment of the conditions, we find sufficient authority for our views in **23 Ohio App. 407**, which adheres to the principle that one is only bound by the words of the contract which means in the case at bar that the conditions of the contract had to be fulfilled and in order to recover, proof of their fulfillment was necessary.

Thus holding it is our judgment that the evidence is insufficient in law under the record, to sustain the judgment below and it is our further judgment in view of the statutes above cited and the relationship of the parties that the judgment is contrary to law, especially in view of the contention that even if the suit would lie under the order and the acceptance, and the proof, there could be no recovery by reason of the relationship of the parties that would be out of joint with the schedule of payments, because then a preference would be given to plaintiff below to the detriment of all others in similar situations with repect to the properties which were under construction, and never completed .

Therefore the judgment of the lower court is reversed and the cause remanded for further procedings according to law.

Vickery, PJ, and Levine, J, concur.